992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore S. BLEDSOE, Plaintiff-Appellant,
v.
Neil BIERY and Janice Wheeler, Defendants-Appellees.
 No. 93-3048.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Theodore S. Bledsoe filed a pro se action under 42 U.S.C. § 1983 against defendants for compensatory damages in the amount of $200,000 and punitive damages in the amount of $10,000. Plaintiff claimed outside his presence defendants opened five pieces of "official and legal" mail addressed to him while he was an inmate in a correctional facility of the State of Kansas. Upon review of the exhibits, the district court determined the envelopes that had been opened were not clearly marked "legal mail" and that the opening was "inadvertent." The court therefore held plaintiff's right of access to the courts was not violated. The court granted summary judgment for the defendants, and plaintiff appeals. We affirm.
 
 
 3
 Regulations of the Kansas Department of Corrections draw a distinction between "legal mail" and "official mail." Kan.Admin.Regs. § 44-12-601(a). "Legal mail means mail which effects [sic] the inmate's right of access to the courts or legal counsel. It includes letters between the inmate and the inmate's lawyer, a judge, a clerk of a court, any lawyer, or any intern or employee of legal services for prisoners." § 44-12-601(a)(1). "Official mail means any mail to an official of the state or federal government who has authority to control, or to obtain or conduct an investigation of, the custody or conditions of confinement of the inmate." § 44-12-601(a)(2). The regulations further define "privileged mail" as correspondence between an inmate and an inmate's doctor. § 44-12-601(a)(3). The regulations also provide "[i]ncoming mail which is clearly identified as legal, official, or privileged mail shall be opened only in the inmate's presence." § 44-12-601(e).
 
 
 4
 In his complaint, plaintiff pinpointed five envelopes he claimed contained official or legal mail that were opened outside his presence. Those were identified as envelopes from: 1) "Veterans Administration Medical Institution"; 2) "Assistant Attorney General Brungardt"; 3) "Attorney General's Office"; 4) Kansas Parole Board director"; and 5) "Social Security Medical Institution." A Martinez report was filed stating the envelope from Assistant Attorney General Brungardt contained a copy of a responsive pleading filed by him in a state court action brought by Mr. Bledsoe. Likewise, the envelope from the Attorney General's office contained a similar pleading in the same case. The investigator could document no other instances of "official mail" being opened outside plaintiff's presence.
 
 
 5
 In response to the defendants' motion for summary judgment, plaintiff filed an envelope he alleged was opened improperly. The envelope is from the "Department of Veterans Affairs," and in small print below the return address, it contains the warning: "Official Business Penalty for private use $200." Plaintiff also filed copies of two letters he alleged were in envelopes opened outside his presence. One is from the Department of Health & Human Services enclosing Social Security data regarding Mr. Bledsoe's disability benefits. The second is from the clerk of a Wyoming state court enclosing a copy of plaintiff's Wyoming Worker's Compensation award.
 
 
 6
 In review of this evidence, the district court found the envelopes from the assistant attorneys general contained "legal matter," but "[i]t is less than certain, however, that these items were clearly identified, as contemplated by the state regulation." The court noted one bore the return address of a state correctional facility and the other of the Office of the Attorney General. The court characterized the opening of plaintiff's mail as "inadvertent" and "negligent" but not within the scope of activity proscribed by the Constitution.
 
 
 7
 It is clear from the record none of the mail that can be identified falls within the regulatory definitions of legal, official, or privileged mail. While the district court's definition of the two pleadings sent to plaintiff is apt, those pleadings are not correspondence between plaintiff and his lawyer, a court, a lawyer, or employee of a "legal service for prisoners." Nor is any of the identified mail correspondence between plaintiff and any official with authority over an investigation of "the custody or conditions of confinement of the inmate." Finally, none is correspondence between plaintiff and his doctor.
 
 
 8
 We therefore conclude, the basic premise of the complaint is not supported by the evidence. None of the mail opened outside plaintiff's presence dealt with his access to the court. The mere fact two envelopes that were opened contained copies of pleadings is not evidence of interference with judicial process.
 
 
 9
 The mailings simply complied with normal litigative notice through the service of pleadings. No claim is made by plaintiff that those pleadings contained any confidential material or that his right of access to the state court was denigrated by the inadvertent opening of the envelopes. We therefore see no substance to plaintiff's claim of denial of access. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990).
 
 
 10
 More importantly, the absence of any indication that the contents of the identified envelopes contained legal or official mail supports the district court's conclusion the envelopes were opened inadvertently. To protect against such inadvertence, the Kansas regulations require protected mail to be "clearly identified." Such a requirement has been upheld as a defense to a claim of improper handling of prisoner mail. Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974). Because the mail in this instance was not clearly identified, the district court properly concluded the best claim plaintiff could assert is that the envelopes were opened negligently.[1] That conduct will not support a constitutional claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We do not overlook the warning on the face of the Veteran's Affairs envelope; however, we do not believe warning the sender against private use of the envelope is sufficient notice to prison authorities. Envelopes coming from all federal agencies contain a similar warning; therefore, even had the contents been protected, the envelope did not call the attention of prison authorities to that fact